Pennsylvania Dental Association, Petitioner *v.* Commonwealth of Pennsylvania, Department of Health, Respondent. Pennsylvania Blue Shield, Intervenor.

Argued February 1, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR., CRAIG, MACPHAIL and DOYLE.

*Thomas A. Beckley, Beckley & Madden,* for petitioner.

*Christine S. Dutton,* with her *Ruth M. Siegel,* for respondent.

*William E. Miller, Jr.,* with him *William H. Wood* and *Thomas E. Wood,* of counsel, *Keefer, Wood, Allen & Rahal,* for intervenor.

OPINION BY JUDGE MACPHAIL, June 8, 1983:

Pursuant to the provisions of 40 Pa. C. S. §6324 (a), Pennsylvania Blue Shield (PBS) submitted to the Pennsylvania Department of Health (DOH) for approval certain amendments to its regulations for health service doctors who participate in PBS's professional health service plans. After publication of the required notice and an informal conference, DOH approved some but not all of the proposed amendments.

The Pennsylvania Dental Association (PDA) filed a petition for review in this Court[1] challenging the

_____

[1] It is questionable whether the action of DOH is an adjudication from which an appeal would lie; rather, DOH's action seems to be nothing more than legislative rule-making. This issue has not

approval by DOH of the amendment to Section D, Prevailing Fee Program, Regulation 4 which provides in pertinent part that:

> However, when requested, a doctor must substantiate to PBS that his usual charges to PBS subscribers are not routinely higher than his charges to patients not covered by third party payment plans.[2]

The excerpted language is followed by a sentence unchanged by amendment which reads as follows:

> If a review of a doctor's records indicates any usual charge of record is not valid, PBS may use this additional information in its determination of a usual charge.

DOH approval of the amendment was conditioned upon PBS's furnishing a written procedure for the protection of the patients' confidentiality.

In its appeal to this Court, PDA contends that DOH has no authority to approve the regulation promulgated by PBS where PBS will pay for treatment by doctors who do not comply with the regulation and where the regulation is not concerned with the qualifications or competence of doctors who will administer treatment to PBS subscribers. PDA also argues that the patients' constitutional right to privacy will be violated by a random review of a dentist's files by PBS.

DOH has filed a motion to quash the appeal on the ground that PDA lacks standing to challenge the proposed amendments and because there is no relief this Court could grant, should we decide in favor of PDA.

---

been raised by the litigants, however, and if it had been, we would have implemented the provisions of 42 Pa. C. S. §708 in order to reach the substantive issues.

[2] Previous to the amendment, the regulation read:
However, when requested, a doctor must substantiate to PBS's satisfaction that his usual charge of record at PBS is the most frequent charge made to all patients.

Both the substantive appeal and motion to quash were joined for argument before this Court.

## MOTION TO QUASH

DOH's motion to quash is two-pronged. It alleges first that PDA has no standing to contest DOH's jurisdiction because our resolution of that question will have no direct effect on PDA or the dentists it represents. PDA's substantive argument is that the DOH approval of the amendment to PBS regulations adversely affects their interests. The converse does not necessarily follow, however, i.e., if the approval must be set aside because DOH lacked jurisdiction, the interests of the dentists would not be affected. We hold that PDA meets the criteria for standing as set forth in *William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975), to raise the jurisdictional issue.

DOH also contends that PDA has no standing to raise the constitutional issue of the violation of privacy interests of persons who are patients of dentists. One may not claim standing, ordinarily, to vindicate the constitutional rights of some third party, *McGowan v. Maryland,* 366 U.S. 420 (1961), but where the relationship of the litigant and the third party is inextricably bound up with the activity the litigant seeks to pursue and where there is some obstacle to the assertion by the third party of his own right, the general rule does not apply. *Singleton v. Wulff,* 428 U.S. 106 (1976) and *Harrisburg School District v. Harrisburg Education Association,* 32 Pa. Commonwealth Ct. 348, 379 A.2d 893 (1977). In the instant case, unless individual patients had some means of knowing that the effect of the PBS regulation may be to disclose some medical information which they may be entitled to withhold by invoking their constitutional claim of privacy, the only way those rights could be

protected would be by the dentist who is responsible for the patient's records. We are of the opinion that the exceptions set forth in *Singleton* applies and that PDA has standing to raise this issue.

The motion to quash will be denied.

## AUTHORITY OF DOH TO REVIEW REGULATION

Professional health service corporations are subject to the regulation and supervision of the DOH by virtue of 40 Pa. C. S. §6307. DOH must approve such regulations as a health service corporation may propose to adopt which bear upon the right of a health service doctor to "register" with the corporation for such general or special professional health services as the doctor may be licensed to practice. 40 Pa. C. S. §6324(a). PBS, of course, is a professional health service corporation. It contends that it submitted the subject amendment to DOH because the subject matter bears upon "participating" dentists who, PBS contends, are the same as "registered" dentists.

PDA claims that the amendment under consideration has nothing to do with the registration of dentists with the corporation and, therefore, DOH's approval lacks statutory authority.

We learn from the PBS brief that when a health service doctor registers with PBS, that doctor then enters into a participating doctor's agreement which prescribes the method by which fees to be paid by PBS will be determined. In certain situations, the doctor agrees that PBS determined fees will be the maximum charged, while in others, the doctor may make additional charges. In other programs, PBS does not prescribe a specific fee for any particular service but rather pays the participating doctor a fee that is intended to equal, as nearly as practicable, the fee the doctor would charge if the patient had no PBS coverage. This is called the UCR system—the fee is

based upon the usual, customary and reasonable fee the doctor would charge a non-PBS patient. The UCR system is the one usually applied to dentists. Participating doctors are paid directly by PBS; non-participating doctors must bill their PBS patients who are then paid by PBS but only to the extent of the fee as determined by PBS.

One of the conditions of being registered with PBS, then, is that the doctor agrees to the method used by PBS to determine fees. If a doctor would not agree, PBS, pursuant to the provisions of Section 6324(a), would have the right to remove the doctor from its register with the approval of DOH. It seems clear that the method of fixing fees is related to the registration of doctors and is within the statutory reviewing authority of DOH. *See Kassab v. Medical Service Association of Pennsylvania, Inc.,* 39 Pa. D. & C.2d 723 (1966), *aff'd per curiam,* 425 Pa. 630, 230 A.2d 205 (1967).

We might also observe that were we to find that review of the subject amendment is outside the jurisdiction of DOH, the net result would be that the regulation could go into effect whether or not PDA objected since the matter would then be nothing more than a contractual revision to be accepted or rejected by individual doctors, a result we doubt that PDA would seriously advocate.

### Privacy Interest of Patients

PDA earnestly argues that if this regulation is approved, the constitutional right of privacy of dental patients will be violated.

At the outset, we note that the proposed amendment does not substantially change the prior practice. Prior to the amendment the doctor was required to substantiate that his usual charge to PBS was the most frequent charge made to all patients. As

amended, the regulation would now require the doctor to substantiate that his usual charge to PBS was not routinely higher than his charges to patients not covered by third party pre-payment plans. The difference, PDA contends, is that PBS now intends to require participating doctors to disclose a random selection of their files to PBS to enable PBS to determine that the charge made by the dentist is in accord with the regulation. Citing *Stark Dental Associates, P.C. v. Medical Service Association of Pennsylvania,* 11 Pa. D. & C.3rd 699 (1978), PBS argues that the disclosure of dental records violates the patient's constitutionally protected right to privacy. *Stark* was a case where dentists were attempting by discovery proceedings to obtain claim forms *including the name of the patient* and the services rendered submitted by former patients. The trial judge, noting that she had already permitted discovery of PBS records with the names of patients deleted, refused to authorize the further discovery on the ground that the right of privacy which protected the disclosure of information revealed in the context of a psychotherapist-patient relationship in *In Re "B",* 482 Pa. 471, 394 A.2d 419 (1978) extends to all health procedures of third persons who are not concerned with the litigation and who have no knowledge that their records are being examined or investigated.

Both PBS and DOH strenuously argue that dental records simply do not fall within the statutory privilege against disclosure as set forth in 42 Pa. C. S. §5929 or the constitutional protection of the right of privacy. We are well satisfied that the statutory privilege against disclosure would not apply to dental records. Such records would not normally divulge *communications* between the dentist and the patient, nor would the information on the records tend to blacken the character of the patient. *In Re June 1979*

14

*Allegheny County Investigating Grand Jury,* 490 Pa. 143, 415 A.2d 73 (1980).

While we are not prepared to say at this point that the constitutional right of privacy would not apply to dental records, we need not make that determination in the instant case because the DOH approval here contains a condition that Blue Shield must prepare formal written procedures concerning the protection of confidentiality of patient records during the audit. It is further provided in the DOH approval that such procedures (for the protection of confidentiality) will indicate PBS's commitment not to obtain data other than procedure and cost information. It thus appears that DOH is well aware of the need to protect a dentist's patient from any breach of confidentiality. This will be accomplished if all that PBS is permitted to obtain is a description of the procedure and the cost.

PDA at oral argument contended that PBS has not submitted the required written procedures to DOH. The supplemental record attached to the PBS brief contains a copy of a letter from DOH approving the written procedures submitted by PBS on April 19, 1982 and a copy of those procedures is made a part of the supplemental record attached to the brief of DOH. In particular, it is provided in those procedures that the dentist is directed to withhold the names of non-PBS subscribers and that the PBS review of records shall be limited to the types of services, the dates of services, the charges made for such services and the amounts the doctor accepted as payment in full. We are satisfied that the constitutional right to privacy, if it extends to the records of dental patients, has been well protected in the instant case.

Order affirmed.

### ORDER

The motion of the Department of Health to quash the instant appeal is denied. The order of the Depart-

ment of Health dated October 22, 1981 approving, *inter alia*, an amendment to the regulations of Pennsylvania Blue Shield relating to the verification of dental charges, is approved.